h SCHOTT, Chief Judge.
This ease arose out of the decision of the Commissioner of the Office of Alcoholic Beverage Control of the Department of Public Safety and Corrections of the State of Louisiana, the appellant herein, to deny the application for a liquor license filed by Diana’s Food Store, Inc., appellee. Diana’s took an appeal from this decision to the district court pursuant to LSA-R.S. 26:106. After a trial de novo, the court reversed the commissioner’s decision and ordered appellant to issue the license to Diana’s. From that judgment came this appeal.
In February 1993, Diana’s purchased a grocery store on Magazine Street and continued to sell alcoholic beverages from the premises under permits issued to the previous owner. On April 19, Diana’s applied for *24 a permit from the Department. On May 12, the Department issued a temporary permit which would remain in effect until the application for the permanent permit was either granted or denied, but which would expire on June 11 in any event. On May 13, an agent of the Department removed this permit from the store.
In the meantime on May 5, Leon McGee, an agent of the Department, [^inspected the premises and upon finding that Diana’s was selling alcoholic beverages without a permit ordered it to close the store or to remove the alcoholic beverages from the premises. Diana’s did the latter.
On May 21, the Department notified Diana’s that its application for a permit was denied because it had sold the beverages prior to obtaining a permit. Diana’s took an appeal to the district court pursuant to R.S. 26:106 which provides that such an appeal is to be tried de novo. Following a trial, the trial court found that “the good faith conduct of the plaintiff in selling liquor without a State beer and liquor license does not warrant revocation of the permit.”
The court made a technical error in speaking of the “revocation” of a permit. What was involved here was the denial or withholding of a permit. However, in the case of a revocation of an existing permit or the withholding of the initial one, § 106 provides the remedy of an appeal to the district court and a trial de novo.
R.S. 26:86 provides the Commissioner of the Department with the authority to withhold permits and § 87(A)(2) outlines the procedure he must follow. § 91(7) provides that the commissioner may suspend or revoke a permit for any violation of the Alcoholic Beverage Control Law. This discretionary authority to suspend or revoke would likewise apply to the withholding of a permit. Since § 106 provides for a trial de novo, the district court has the same discretion as the commissioner had!
The record supports the trial court’s findings that Diana’s violated the law initially because of inadvertence and ignorance and that they acted in good faith. The decision of the trial court that denial of the permit was not warranted was reached within the sound discretion of the trial court and will not be disturbed on appeal.
^Accordingly, the judgment of the district court ordering the appellant to issue a permit to Diana’s is affirmed.

AFFIRMED.